IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **COLLIN COUNTY, TEXAS** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-333-SDJ-KPJ |
| | § | |
| **CHARLES B STARKE, JR.,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Charles B Starke, Jr.'s ("Defendant") Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) and Motion for Permission to Electronically File and Notice of New Phone Number (Dkt. 5) (collectively, the "Motions"). On April 20, 2022, Defendant, proceeding *pro se*, filed a Notice of Removal, wherein he sought removal of his felony criminal proceedings in Texas state court. *See* Dkt. 1. For the reasons that follow, the Court *sua sponte* finds it lacks jurisdiction, recommends Defendant's Motions should be **DENIED**, and recommends the above-referenced case should be **REMANDED**.

**I.   BACKGROUND**

On June 16, 2020, Defendant was charged with Evading Arrest, a third-degree felony, and arrested on October 19, 2021, by the Plano Police Department.[1] Defendant seeks to remove his felony offense. *See* Dkt 1. In his Notice of Removal, Defendant only states the following:

---

[1] The Court takes judicial notice of public records maintained by Collin County. *See Charles Bernard Starke, Jr. Case History*, COLLIN COUNTY JUDICIAL RECORDS, https://apps.collincountytx.gov/judicialrecords/case (search in search bar for defendant's last and first name respectively "Starke, Charles"; then follow link for "Case Number 219-83161-2020") (last visited September 28, 2022). In the "Case Event" entry entered June 17, 2022, Defendant failed to appear or contact the court forfeiting his bond. *See id.* Courts may judicially notice facts that "[are] generally known within

1

      <u>Title 28 U.S.C. 1446(b) Notice of Removal</u>
      Not receiving fair treatment [t]reatment [i]n State [c]ourt:
      Deprivation of Equal Protection of Law (14th Amendment)
      Deprivation of Due Process of Law (14th Amendment)

*See id.* On May 9, 2022, the case was referred pursuant to 28 U.S.C. §636 and Local Rule CV-72 to the undersigned. *See* Dkt. 4. On June 27, 2022, Defendant paid the filing fee. *See* Docket Entry June 27, 2022. On August 4, 2022, Defendant filed the Motion for Permission to Electronically File and Notice of a New Phone Number. *See* Dkt. 5.

## II.   ANALYSIS

If necessary, the Court should examine, *sua sponte*, the threshold question of whether it has subject matter jurisdiction. *See Bey v. Carstarphen*, No. 3:21-cv-3080, 2021 WL 6284096, at *1 (N.D. Tex. Dec. 13, 2021) (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001)). 28 U.S.C. § 1455(a) provides for removal of criminal prosecutions to federal court. When a criminal case is removed, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Furthermore, the notice of removal of a criminal prosecution must "include all grounds for such removal" and failure to do so "shall constitute a waiver of such grounds." 28 U.S.C. § 1455(b)(2). Because § 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate. *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014).

The Court is mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761,

---

the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant has provided the Case Number of his pending criminal proceedings. *See* Docket Entry for April 20, 2022.

2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). In the present case, Defendant cannot establish a legal right to remove his pending criminal case. Therefore, Defendant's Motions should be denied, and this case should be remanded to the applicable state court.[2]

### A. Defendant is Not in the Group of Officials Whose Criminal Cases May be Removed

Federal statutes provide for the removal of state criminal cases that charge certain classes of officials. *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces); 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes). Defendant has not alleged or demonstrated that he is a federal officer, a member of the armed forces, or an official enforcing civil rights. Thus, these provisions do not apply to Defendant.

### B. The Provisions of § 1443(1) are Inapplicable to Defendant's Criminal Case

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). To remove under Section 1443(1), the state criminal defendant must show both (1) the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality; and (2) he cannot enforce the specified federal

---

[2] Defendant cites to 28 U.S.C. § 1446(b) as the basis for removal of his state felony criminal proceedings. However, § 1446 provides for removal of civil actions and not criminal proceedings. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any *civil* action from a State court shall file in the district of the United States . . . .").

right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Defendant fails to demonstrate either.

Defendant's Notice of Removal is devoid of any factual allegations. *See* Dkt. 1. Defendant simply alleges he is "not receiving fair treatment" in his state criminal proceedings and cites the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *See id.* Conclusory allegations of civil rights violations are insufficient to remove a pending state criminal prosecution to federal court. *See Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86–87 (5th Cir. 1982) (finding conclusory allegations of civil rights violations insufficient to support removal of pending state criminal prosecution); *City of Houston v. Club Fetish*, No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 24, 2013) (quoting *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983)) ("Accordingly, 'broad first amendment or fourteenth amendment claims' and 'claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983" do not satisfy the first prong of the § 1443 test."). Additionally, Defendant does not claim he cannot enforce the specified federal rights in state court as is his burden under the second prong. *See Carrollton Mun. Court v. Bowditch El*, No. 3:17-cv-2240, 2017 WL 6767376, at *2 (N.D. Tex. Nov. 20, 2017), *R.&R. adopted*, 2018 WL 276776 (N.D. Tex. Jan. 3, 2018). Thus, Defendant has failed to establish a right to remove his pending criminal case under 28 U.S.C. § 1443(1).

### III.   RECOMMENDATION

For the foregoing reasons, Defendant's Motions (Dkts. 2, 5) should be **DENIED** and the above-referenced case should be **REMANDED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party is entitled to a *de novo* review by the district court of the findings

and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 5th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE